# United States District Court
### DISTRICT OF ILLINOIS

David Wallace aka Alzonta Magee  )
)
Plaintiff  )
)
vs.  )   Case No. 09-1286
)
)   The case number will be assigned by the clerk)

Mavel Rojas  )
S.S. Nott  )
Richard Gerald  )
Cheryl Hinthorne  )
Gerardo Acevedo  )
Roger E. Walker Jr.  )
Michael Randle  )
)
Defendant(s)  )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all of the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☒ Other federal law: Religious Land Use and Institutionalized Persons Act 42 U.S.C. §2000cc

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: David Wallace Jr. aka Alzouta Magee

Prison Identification Number: K69263

Current address: P.O. Box 1700, 600 Linwood Road Galesburg, IL. 61402

For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.

B. Defendants

Defendant #1:

Full Name: Manuel Rojas

2

Current Job Title: Chaplain

Current Work Address 600 Linwood Road P.O. Box 1700 Galesburg, IL. 61402

Defendant #2:

Full Name: S.S. Nott

Current Job Title: Major

Current Work Address 600 Linwood Road P.O. Box 1700 Galesburg, IL. 61402

Defendant #3:

Full Name: Richard Gerald

Current Job Title: Food Supervisor

Current Work Address 600 Linwood Road P.O. Box 1700 Galesburg, IL. 61402

Defendant #4:

Full Name: Cheryl Hinthorne

Current Job Title: Food Supervisor

Current Work Address (Last Known) 600 Linwood Road P.O. Box 1700 Galesburg, IL. 61402

Defendant #5:

Full Name: Gerardo Acevedo

Current Job Title: Warden

Current Work Address 600 Linwood Road P.O. Box 1700 Galesburg, IL. 61402

3

Defendant #6: Roger E. Walker

   Former Director of Illinois Department of Corrections

   1301 Concordia Ct.

   Springfield, IL. 62794

Defendant #7: Michael Randle

   Director of Illinois Department of Corrections

   1301 Concordia Ct.

   Springfield, IL. 62794

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe  N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒   No ☐

C. If your answer to B is yes, how many?  2   Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
David Wallace aka Alzonta Magee vs. Keim et al, IL Sthrn Dist, 05-87-GPM

2. Basic claim made  Religious Rights

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  Pending

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint*

4

Page 4 C.

1. Alzonta Magee v. Debi Middendorf et al, IL. Sthrn Dist., 05-93-GPM

2. Basic claim was Due Process

3. Disposition: Dismissed

*and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not ___N/A___

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence ___Hill Correctional Center, Galesburg, IL.___

Date(s) of the occurrence ___April 2008 through the present___

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1.) On October 11th, 2008 a Saturday. Hill Correctional Center was on a level 4 lockdown, the least intensive lockdown. It is a tenet of my faith that I do not work on the 7th day, which is sundown Friday to sundown Saturday. I was called into my assignment in the dietary. I refused. I was threatened with a write up. I went to the dietary to explain this issue to the food supervisors again. I had worked multiple extra shifts on the lockdown, some 16 hours straight. I went into the office where CFSSII Hinthorne, CFSSII Hennenfent and C/O Ross were. Ross told me that Major Nott told him to walk anyone to segregation that refused to work for any reason. Hennenfent told me that he specifically mentioned Hebrew Israelites of which I am affiliated. (Yom Kippur, the day of atonement was during this lockdown.) He said that "Major Nott told him that he didn't want anyone to use the holy day to take off from work." This included me. Hennenfent told me that he and Hinthorne would not ask me to work in lieu of having me sent to segregation. When CFSSII Gerald was informed, he decided to have me work on the line he was supervising that day. He was aware that it was the holy day and that I did not work on that day. Hinthorne was in charge of the kitchen area this day. I was assigned to this area as a diet cook. After she was confronted by Gerald she changed her position and told me that "if you are not going to work that you have to go somewhere else" knowing that would be segregation. I refused to break the tenet of my faith so I was walked to segregation by Major Nott's order after Hinthorne told Lt. Price.

I had previously informed all the supervisors and the dietary manager that I did not work on the holy day and I informed them of when that was.

6

I spent 7 days in segregation and was released at the hearing. I wrote a grievance and appealed it to Director Roger Walker it was denied on all levels.

2.) In March 2008 I sent a request to chaplain Rojas here at Hill Correctional Center to have a Kosher diet issued to me. He declined my request. I grieved it and was denied again. I appealed to the director with no response.

3.) In or around September 2008, I submitted paperwork to start a Torah oriented class for chapel seperate from any other class. It was denied by chaplain Manuel Rojas although I met all the criteria necessary by 20 Illinois Administrative code ch.1, §425.60 to have it initiated. I grieved the denial and was denied on all levels including the appeal to the director.

4.) I February and March of 2009 I both wrote on multiple occassions and personally requested on two occassions of Chaplain Rojas at Hill C.C. to be included in the Passover-Feast of unleavened bread diet for the week and any and all activities offered by the facility. I am required by tenets of my faith to avoid anything with yeast in it for the entire week. I was not put on the diet and the only people that were given unleavened products were the people that were already on the vegan diet. I grieved this issue. The grievance was said to be not in the possession of the clinical services or grievance office.

5.) Defendants Rojas, Nott, Hinthorne, Gerald, Acevedo, Walker and Director Randle all violated my entitled rights personally and directly by grievance denials and or by not answering them.

6.) Each defendant has displayed a deliberate indifference to the plaintiffs' religious rights and needs. Each has denied my due process rights

7

as a state prisoner by denying my United States constitutional rights pursuant to U.S.C.A. I, IV, VIII, XI and XIV as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA) including other state and federal laws. They have conspired within this facility and department of corrections to function together to violate my rights pursuant to official misconduct.

7.) Count I. Each named defendant's acts, omissions made in corroboration, collusion and conspiracy by express and implied consent intentionally, willfully, knowingly, watonly and arbitrarily in bad faith with deliberate indifference and total reckless disregard of plaintiff's rights deprived him of his rights under the U.S. constitution I, V, VIII, XI and XIV, and the Religious Land Use and Institutionalized Persons Act as well as other federal laws and amendments therein.

8.) Count II. Each named defendant's acts and omissions deprived plaintiff of rights retained by virtue of Illinois state law.

9.) Count III. Each named defendant deprived plaintiff of his right to due process and equal protection of the law under Article I and II of the Illinois state constitution.

10.) Count IV. Each named defendant deprived plaintiff of rights promulgated under Illinois Department of Corrections rules and regulations as well as Illinois compiled statutes.

11.) Count V. Each named defendant was acting under the color of state law and each is being sued in their official and individual capacities. All claims alleged herein happened at Hill Correctional Center, Galesburg, IL. From April 2008 through the present.

8

## RELIEF REQUESTED

*(State what relief you want from the court.)*

1.) The Kosher diet issued to Hebrew Israelites upon request statewide.
2.) Manuel Rojas removed as chaplain with no other religious affiliated position provided.
3.) Noff removed from major's position and demoted.
4.) Food supervisors removed from their positions in the IDOC.
5.) Acevedo removed as warden and barred from any IDOC position.
6.) The IDOC's director establish a new direct method of grievance appeals.
7.) Punitive damages for segregation time in amount of $7000.
8.) Punitive damages in amount of $12,000 per defendant.
9.) An institutional transfer to Jacksonville.
10.) Declarative judgement that my rights have been violated.
11.) Defendants found guilty of official misconduct.
12.) Compensatory damages for segregation time in amount of $7000.
13.) Reimbursment for all cost incurred in action of prosecuting this case.
14.) All relief deemed just and equitable by the Court.

**JURY DEMAND**   Yes ☒   No ☐

Signed this __13th__ day of __August__, 20__09__.

_David Windberg AKA Almighty Izya_
( *Signature of Plaintiff* )

| Name of Plaintiff: David Wallace aka Alzonta Magee | Inmate Identification Number: K69263 |
|---|---|
| Address: 600 Linwood Rd, P.O. Box 1200 Galesburg, IL. 61402 | Telephone Number: N/A |

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF Knox      )

## AFFIDAVIT

I, David Wallace AKA Azonta Magee do hereby declare and affirm that the following Information within this affidavit is true and correct in substance and in facts:

1.) I was written a disciplinary report, Exhibit A, after being sent to segregation. I grieved this issue on all levels and was denied on all levels Exs. B, C, D and E. I presented an affidavit that showed I was treated much harsher by staff, E, F 2.) I wrote to chaplain Rojas to be put on the Kosher diet. He denied it and I grieved it on all levels Exs. G, H. It was not returned from the Administrative review board. (3.) I requested from Chaplain Rojas to start a Torah oriented chapel class. I submitted Department of Justice forms supplied by an outside faith group to the chaplain, Exs. I, J, K and L. He denied it. I grieved this issue. It was denied on all levels. Ex. M (4.) I made faith based requests to Warden Acevedo and chaplain Rojas in conformity with Departmental rules promulgated in §425, which were denied by both of them and illustrative their deliberate indifference Ex's. N, O. (5.) In Febuary and March of 2009 I wrote three times and personally asked chaplain Rojas twice to be included in the Passover-Feast of Unleavened Bread. I was not included in the Feasts' diet. I grieved this issue. The grievance was stalled and now it has disappeared, Exs. P, Q and R. (6.) I also submitted a draft of this claim with exhibits to the Attorney General with a request to have them represent me in this matter under §1997a Initiation of Civil Actions, Ex. S.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 13th day of August, 20 09

David Wallace AKA Azonta Magee
Affiant

IN THE

United States District Court
For The Central District of Illinois

David Wallace aka Alzonta Magee  )
Plaintiff,                        )
                                  )  Case No. _____
        v.                        )
                                  )
Manuel Rojas et al                )
Defendant                         )

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. District Court Central
District of Illinois/Clerk
100 NE Monroe St Suite 309
Peoria, IL 61602

TO: _____

PLEASE TAKE NOTICE that on August 17th, 2009, I have placed the documents listed below in the institutional mail at ___Hill___ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Nine (9) copies of my 1983 claim, one marked stamp and return, and Application to proceed without payment of fees

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8  17  09

/s/ David Wallace aka Alzonta Magee
NAME: David Wallace aka Alzonta Magee
IDOC#: K69263
___Hill___ Correctional Center
P.O. BOX 1700
Galesburg, IL 61402

Revised Jan 2002