UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID WALLACE,
    Plaintiff,

vs.                                            09-1286

MANUEL ROJAS, et.al.,
    Defendants.

CASE MANAGEMENT ORDER

    This cause is before the court for a case management and consideration of several motions filed by the plaintiff. On September 17, 2009, the court conducted a merit review of the plaintiff's complaint and found that he had properly alleged seven defendants from the Hill Correctional Center had violated the plaintiff's First Amendment rights and had violated the Religious Land Use and Institutionalized Persons Act (herein RLUIPA).

I. MOTIONS TO AMEND

    The plaintiff has now filed various motions to amend his complaint. [d/e 5, 7, 9, 10] The plaintiff's motion to add defendants is denied. [d/e 5] The plaintiff says he wants to add the Religious Advisory Board. However, this board is not a proper defendant under §1983 and the plaintiff has not provided the names of any individuals. In addition, the plaintiff has not stated now any members of the board are responsible for his claims.

    The plaintiff's motion to supplement his complaint is also denied. [d/e 7] The plaintiff does not explain what specific amendment he wants to make, nor does he provide a proposed amended complaint. The court does not allow piecemeal amendments to complaints in order to avoid confusion over intended claims and defendants.. The next two motions to amend the complaint both contain proposed amended complaints. [d/e 9. 10] The first motion is denied as moot [d/e 9], since the plaintiff has filed an updated version of his amendment. The plaintiff's final motion to amend his complaint is granted. [d/e 10]

II. MERIT REVIEW

    The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff's amended complaint names eight defendants including Major S.S. Nott, Chaplain Manuel Rojas, Food Supervisor Richard Gerald, Food Supervisor Cheryl Hinthorne, Warden Gerardo Acevedo, Illinois Department of Corrections Director Roger Walker, Illinois Department of Corrections Director Michael Randle and Dietary Manager James Rundle.  The defendants include all seven defendants named in the initial lawsuit and one addition: James Rundle.

The plaintiff says his religious faith requires that he not work on the 7th day which is sundown Friday to sundown Saturday.[1]    Nonetheless, on Saturday October, 11, 1008, the plaintiff says he was called to work his job in the dietary department.  The plaintiff says he refused, but was threatened with discipline, so he went to the dietary department to explain.  Plaintiff says he had recently worked several extra shifts while the institution was on look-down.

The plaintiff says he explained his objection to Defendants Hinthorne and others.  An Officer Ross told the plaintiff that Major Nott had instructed the officers to walk any inmate to segregation that refused to work for any reason and he had specifically mentioned any religious objections.  Nonetheless, Defendant Hinthorne and others said they would "not ask me to work in lieu of having me sent to segregation." (Comp, p. 8)

Defendant Gerard was informed and decided to have the plaintiff work on his line.  Since Hinthorne was in charge of he area, she then told the plaintiff that if he was not going to work, he would have to go somewhere else.  The plaintiff took this to mean he would have to go to segregation.   The plaintiff said he would not work on the holy day and walked to segregation.

The plaintiff says he spent seven days in segregation.  He wrote a grievance concerning these issue and appealed it to Director Walker, but it was denied.  For the purposes of notice pleading, the plaintiff has stated a claim against Defendants Nott, Hinthorne ,Gerard and Walker.

The plaintiff says in March of 2008, he sent a letter to Defendant Rojas asking for a Kosher diet due to his religious faith, but his request was denied.  The plaintiff filed a grievance and again appealed.   The plaintiff does not state what happened with this grievance, but the facility says it issued the plaintiff a "kosher meal" on September 15, 2009.  The plaintiff says although the facility calls his meals "kosher," they are not kosher since the same items used to cook pork are also used with his meals.

In February and March of 2009, the plaintiff says he repeatedly requested that Defendant Rojas allow him to participate in the Feast of Unleavened Bread and the religious activities scheduled for that week.  The plaintiff's grievance was denied.

---

[1] The plaintiff does not mention his specific religion in the amended complaint, but in his original complaint stated he was a Hebrew Israelite.

The plaintiff has again stated a violation of his rights under the First Amendment and RLUIPA. However, the plaintiff's complaint does not properly allege a conspiracy nor a denial of his due process or equal protection rights. The complaint also does not articulate any state law violations, nor any official capacity claim.

The plaintiff says all the named defendants are responsible for his claims because they denied his grievances. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

The plaintiff has alleged claims against Defendants Nott, Hinthorne, Gerard and Rojas. The plaintiff has also previously submitted copies of grievances which demonstrate that Defendants Acevedo and Walker were aware of his claims. (Orig. Comp, Ex. A.) However, Director Randle did not sign off on any grievances, nor is there any reason to believe that either individual would be involved in the plaintiff's allegations. (Orig. Comp, Ex.A).

Therefore, the plaintiff has failed to state any claims against Illinois Department of Corrections Director Michael Randle or Illinois Department of Corrections Dietary Manager James Rundle. The court will dismiss these individuals for failure to state a claim upon which relief can be granted. The plaintiff's subsequent motion to add Defendant Rundle to this case is also denied for the reasons stated. [d/e 28]

### III. REMAINING MOTIONS

The plaintiff has filed a motion asking to stay service of his complaint. [d/e 6] The motion is denied. The plaintiff chose to file his complaint and must be prepared to pursue this litigation. The plaintiff has also filed a motion for a court order directing the Trust Fund Office to pay his initial partial filing fee. [d/e 8] The motion is denied as moot. The court has already provided a copy of the order directing the payment of this fee to the Trust Fund Office, and the initial partial payment has been received. *See* August 20, 2009 Text Order; January 21, 2010 Docket Entry.

The plaintiff has also filed a motion for a temporary restraining order and preliminary injunction asking the court to order that his meals be served in a sealed tray. [d/e 12] The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Ownders and Pilots Ass'n v. Hinson,* 102 F.3d 1421, 1424-25 (7th Cir.

1996). (*internal citations omitted*).  If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.*  The Court of Appeals for the Seventh Circuit had adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. V. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001).

The plaintiff has not met this burden.  The plaintiff has not demonstrated a reasonable likelihood that he will succeed on the merits, nor that he has no adequate remedy at law.  In addition, the plaintiff has not demonstrated that he will suffer irreparable harm.  The motion is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's initial, piecemeal motions to amend his complaint are denied. [d/e  5, 7, 9]**

**2) The plaintiff's final motion to amend his complaint is granted. [d/e 10] The plaintiff has the following claims before this court:**

> **a) Defendants Walker, Acevedo, Nott, Hinthorne ,Gerard and Walker violated the plaintiff's rights pursuant to the First Amendment and RLUIPA when the plaintiff was punished for refusing to work on a holy day in violation of his religious beliefs.**

> **b) Defendants Walker, Acevedo, and Rojas violated the plaintiff's rights pursuant to the First Amendment and RLUIPA when they refused to allow the plaintiff a kosher diet or to participate in the Feast of Unleavened Bread in accordance with his religious beliefs.**

**3)  All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is directed to dismiss Defendants Director Michael Randle or Illinois Department of Corrections Dietary Manager James Rundle for failure to state a claim upon which relief can be granted.  The plaintiff's second motion to add Defendant Rundle is also denied. [d/e 28]**

**4) This case shall proceed solely on those federal claims identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) The plaintiff's motion asking to stay service of his complaint is denied. [d/e 6]**

**6) The plaintiff's motion for a court order directing the Trust Fund Office to pay his initial partial filing fee is denied as moot. [d/e 8]**

**7) The plaintiff's motion for a temporary restraining order and preliminary injunction is denied.[d/e 12]**

**8) Defendants Rojas, Nott, Gerard, Walker and Acevedo have returned waiver of service forms and must file an answer to the complaint within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**9) The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before January 31, 2011; and 2) any dispositive motions must be filed on or before February 28, 2011.**

Entered this 2nd  Day of August, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE