E-FILED
Tuesday, 02 November, 2010 02:29:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID WALLACE,
    Plaintiff,

vs.                                                          09-1286

MANUEL ROJAS, et.al.,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the Plaintiff's motion to reconsider the August 2, 2010 Merit Review Order [d/e 34]; the Plaintiff's "subpoena request," [d/e 36]; and the Defendants' motion to withdraw admissions. [d/e 38]

### I. MOTION TO RECONSIDER

The Plaintiff has filed a motion to reconsider the court's most recent merit review order. The pro se Plaintiff originally filed his complaint pursuant to 42 U.S.C. §1983 on August 19, 2009. The Plaintiff claimed that his constitutional rights were violated at Hill Correctional Center. On September 17, 2009, the court conducted a merit review pursuant to 28 U.S.C. §1915A and identified the claims in the Plaintiff's complaint. *See* September 17, 2009 Merit Review Order.

The Plaintiff then filed various motions to either supplement or amend his complaint. [d/e 5, 7, 9, 10]. On August 2, 2010, the court conducted a second merit review and found that the Plaintiff had stated the following claims:

    1) Defendants Major S.S. Nott, Food Supervisor Richard Gerald, Food Supervisor Cheryl Hinthorne, Chaplin Manuel Rojas, Warden Gerardo Acevedo and Illinois Department of Corrections Director Roger Walker violated the Plaintiff's rights pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act (herein RLUIPA) when the Plaintiff was punished for refusing to work on a holy day in violation of his religious beliefs. *See* September 17, 2009 Merit Review Order.

    2) Defendants Walker, Acevedo, and Rojas violated the Plaintiff's rights pursuant to the First Amendment and the Religious Land Use and RLUIPA when they refused to allow the Plaintiff a kosher diet or to participate in the Feast of Unleavened Bread in accordance with his religious beliefs. *See* August 2, 2010 Merit Review Order.

The court dismissed Defendants Illinois Department of Corrections Director Michael

Randle and Dietary Manager James Rundle for failure to state a claim upon which relief could be granted. *See* August 2, 2010 Merit Review Order, p.4.

The Plaintiff has filed a motion to reconsider the August 2, 2010 Merit Review Order. [d/e 36]. The Plaintiff has clarified his claim against IDOC Dietary Manager James Rundle. The Plaintiff says Rundle directed that his required kosher meal be prepared in a way that is not kosher in violation of his rights pursuant to the First Amendment and RLUIPA. The Plaintiff's motion to reconsider is granted [d/e 34] and Rundle is added as a defendant with respect to Claim #2.

## II. DISCOVERY MOTIONS

A. PLAINTIFF'S MOTION

The Plaintiff has filed a document entitled "subpoena request." [d/e 36]. The Plaintiff says he would like to subpoena witnesses "by way of interrogatories, video court or whichever way the court deems equitable." [Plain. Mot., p. 1]. The Plaintiff further asks to subpoena his prison master file for evidence in support of his claims. The Plaintiff may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant. The Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

However, to the extent the Plaintiff wishes to depose nonparty witnesses, the court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y.1986) ( *in forma pauperis* statute, 28 U.S.C. § 1915, does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Com'n to Help the Econ.*, 613 F.Supp 1070, 1072 (S.D.N.Y.1985) (finding no clear statutory authority for the repayment of discovery costs for pro se Title VII plaintiff proceeding *in forma pauperis* ); *Ronson v. Commissioner of Correction for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician in charge at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D.Wis.1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F.Supp 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.")

Whether the Plaintiff sought leave to depose witnesses by written or oral questions, each would entail stenographic or court reporter expenses which the court is not authorized to pay. In

addition, the court is not authorized to pay or waive the statutory fee for witnesses who are subpoenaed to attend a deposition. *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987); *Johnson v. Hubbard*, 698 F.2d 286, 289-90 (7th Cir.1983). The motion is denied. [d/e 36].

B. DEFENDANTS' MOTION

The Defendants have filed a motion to withdraw admissions. [d/e 38] The Defendants state that the Plaintiff served Requests for Admissions pursuant to Federal Rule of Civil Procedure 36 on September 13, 2010. The Defendants say due to an oversight, their responses were not properly mailed to the Plaintiff. The Defendants say they have now sent their responses via overnight mail to the Plaintiff, but the response is late nonetheless.

Federal Rule of Civil Procedure 36(a) states that if a party fails to respond to a request for an admission within 30 days, the matter is deemed to be admitted. Fed.R.Civ.P. 36(a); *Laborers' Pension Fund v. Blackmore Sewer Construction, Inc.,* 298 F.3d 600, 605 (7th Cir. 2002). However, the rule also allows a party to withdraw those admissions if they can demonstrate to the court that it would "promote the presentation of the merits of the action" and would not prejudice the requesting party. Fed.R.Civ.P 36(b). In this case, the Defendants have demonstrated that they intended to deny many key admissions and there is no evidence that the short delay in providing a response will prejudice the Plaintiff. The motion is allowed. [d/e 38].

Finally, the court notes that the Defendants have filed the affirmative defense of failure to exhaust administrative remedies. [d/e 35] Exhaustion is an initial requirement that should be addressed sooner rather than later. Therefore, if the Defendants believe the Plaintiff has failed to exhaust his administrative remedies for his claims, they must file a motion for summary judgement on this issue within the next 30 days.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to reconsider the court's August 2, 2010 Merit Review Order is granted. [d/e 34] The clerk of the court is directed to add Defendant Dietary Manager James Rundle as to claim #2. The clerk is also directed to send Notice of Lawsuit and Waiver of Service Forms to this defendant. This case is set for hearing on the status of Defendant Rundle on December 10, 2010 at 9:45 a.m. by telephone conference call. The clerk is to issue a writ for the plaintiff's participation in the conference call.**

**2) The plaintiff's surviving claims are as follows:**

**a) Defendants Major S.S. Nott, Food Supervisor Richard Gerald, Food Supervisor Cheryl Hinthorne, Chaplin Manuel Rojas, Warden Gerardo Acevedo and Illinois Department of Corrections Director Roger E. Walker violated the Plaintiff's rights pursuant to**

**the First Amendment and RLUIPA when the plaintiff was punished for refusing to work on a holy day in violation of his religious beliefs.**

**b) Defendants Walker, Acevedo, Rojas and Dietary Manager Jame Rundle violated the Plaintiff's rights pursuant to the First Amendment and RLUIPA when they refused to allow the Plaintiff a kosher diet or to participate in the Feast of Unleavened Bread in accordance with his religious beliefs.**

3) The Plaintiff's motion for a "subpoena request" is denied [d/e 36].

4) The Defendants motion to withdraw admissions is granted. [d/e 38]

5) If the Defendants believe the Plaintiff has failed to exhaust his administrative remedies for the claims in his complaint, they must file a well documented motion for summary judgement on this issue within 30 days of this order.

6) The court will abide by the previously set scheduling deadlines. *See* **August 2, 2010 Case Management Order.**

Entered this 2nd Day of November, 2010.

        **s/ Joe Billy McDade**
        _____
        JOE BILLY MCDADE
        UNITED STATES DISTRICT JUDGE