Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendant's No. 1
7th Cir. P. I. 1.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendant's No. 2
7th Cir. P. I. 1.02

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Defendant's No. 3
7th Cir. P. I. 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Defendant's No. 4
7th Cir. P. I. 1.05

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's No. 5
7th Cir. P. I. 1.06

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant's No. 6
7th Cir. P. I. 1.07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant's No. 9
7th Cir. P. I. 1.11

Given  _____
Given as Modified  _____
Refused  _____
Withdrawn  _____

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." *Circumstantial evidence* that it is raining is the observation of some entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant's No. 10
7th Cir. P. I. 1.12

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendant's No. 11
7th Cir. P. I. 1.13

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns in important fact or an unimportant detail.

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Defendant's No. 13
I.P.I. No. 3.05

Given _____
Given as Modified _____
Refused _____

Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendant's No. 14
7th Cir. P. I. 1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Defendant's No. 15
7th Cir. P. I. 1.17

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The issue to be decided by you is as follows:

The plaintiff claims he was injured and that defendant violated plaintiff's right under the First Amendment to the United States Constitution to the free exercise of religion in the following respect:

> in restricting plaintiff's ability to receive unleavened bread and by refusing to allow plaintiff to participate during the Passover Feast of Unleavened Bread in 2009 and in delaying the provision of a Kosher diet to plaintiff after he requested it in 2008, despite defendant's knowledge that these were requirements of plaintiff's sincerely held religious beliefs

The plaintiff claims that the foregoing was a proximate cause of his injuries.

Defendant denies that his actions violated Plaintiff's First Amendment rights.

Defendant's No. 16
I.P.I. No. 20.01.01 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

To succeed on his claims, plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

First, that the defendant intentionally acted in the manner claimed by the plaintiff as stated to you in these instructions;

Second, that the defendant knew that the tenets of plaintiff's sincerely held religious beliefs included the consumption of unleavened bread and a Kosher diet;

Third, that defendant's actions or omissions imposed a substantial burden on plaintiff's ability to exercise his sincere religious beliefs;

Fourth, that the actions taken by the defendant were not based on any legitimate penological objective;

Fifth, that plaintiff suffered an injury;

Sixth, that the wrongful conduct of the defendant was the proximate cause of the plaintiff's injury;

If you find from your consideration of all the evidence that any of these propositions has not been proved, then you should find for the defendant and you will not consider the questions of damages. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff and against the defendant, and you should go on to consider the question of damages.

Defendant's No. 17                        Given _____
*Cutter v. Wilkinson*, 544 U.S. 709, 719 & 725 n.13 (2005);    Given as Modified _____
 *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987);          Refused _____
*Turner v. Safley*, 482 U.S. 78, 87 (1987);            Withdrawn _____
*Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981)
*Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009)

Prison restrictions do not violate an inmate's First Amendment rights if they are reasonably related to a legitimate penological objective.  In determining the reasonableness of a restriction, you must determine whether there is a valid rational connection between the restriction and a legitimate governmental interest.  In making this determination, you should consider whether there are alternative means of exercising the right at issue and the impact that accommodation of the asserted right would have on prison staff, other inmates, and the allocation of prison resources.

Defendant's No. 18
*Turner v. Safley,* 482 U.S. 78 (1987)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's No. 19
7th Cir. P. I. 1.27

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I use the expression "proximate cause," I mean that cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which, in combination with it, causes the injury.

Defendant's No. 20
I.P.I. No. 15.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The defendant in this case is being sued as an individual for his alleged personal acts.  Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

Defendant's No.  21
7th Cir. P. I. 7.01 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find that plaintiff has proved his claim against the defendant then you must determine what amount of damages, if any, plaintiff is entitled to recover.

If you find that plaintiff has failed to prove his claim, then you will not consider the question of damages.

Defendant's No. 23
7th Cir. P. I. 7.22

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of defendant's unconstitutional actions. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

If you find in favor of the plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00).

Defendants' No. 24
7th Cir. P. I. 7.23

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained from the wrongful conduct of the defendant. These are called "compensatory damages." The Court has already determined that plaintiff is limited to one dollar ($1.00) in compensatory damages.

Defendants' No. 25
7th Cir. P. I. 7.23 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find for the plaintiff, you may, but are not required to, assess punitive damages against the defendant. The purposes of punitive damages are to punish a party for his or her conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that the defendant's conduct was in reckless disregard of plaintiff's rights. An action is in reckless disregard of plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

–    the reprehensibility of the defendant's conduct;

–    the impact of the defendant's conduct on plaintiff;

–    the relationship between plaintiff and the defendant;

–    the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

–    the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Defendant's No. 26                                                    Given _____
7th Cir. P. I. 3.13                                          Given as Modified _____
*Kyle v. Patterson,* 196 F.3d 695 (7th Cir. 1999)                    Refused _____
*Iacobucci v. Boulter,* 193 F.3d 14 (1st Cir. 1999)               Withdrawn _____
*Cooper v. Casey,* 97 F.3d 914 (7th Cir. 1996)

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict forms have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

.

Defendant's No. 27
7th Cir. P. I. 1.32

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Defendant's No. 28
7th Cir. P. I. 1.33

Given  _____
Given as Modified  _____
Refused  _____
Withdrawn  _____

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Defendant's No. 29
7th Cir. P. I. 1.34

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

DAVID WALLACE, K69263,          )
a/k/a ALZONTA MAGEE,         )
                             )
       Plaintiff,           )
                             )
     - vs-             )        No. 09-1286
                             )
MANUEL ROJAS, et al.,         )
                             )
       Defendants.         )

## **JURY VERDICT FORM A**

*Note: Each of the following paragraphs on this page must be completed.*

On plaintiff's First Amendment religion claim, we the jury find in favor of the plaintiff and against the defendant:

We assess compensatory damages in the following amount:
*(stating the amount, or if you find that plaintiff's damages have no money value, set forth a nominal amount, such as $1.00).*

$_____

*Note: You may not award punitive damages against defendant unless you have first found against defendant and you have awarded plaintiff damages. State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against the defendant in the following amount:

$_____

Foreperson: _____    _____

                 _____    _____

                 _____    _____

                 _____    _____

DAVID WALLACE, K69263,                    )
a/k/a ALZONTA MAGEE,                      )
                                         )
          Plaintiff,                      )
                                         )
     - vs-                                )          No. 09-1286
                                         )
MANUEL ROJAS, et al.,                     )
                                         )
          Defendants.                     )

## JURY VERDICT FORM B

On plaintiff's First Amendment religion claim, we the jury find in favor of the defendant and against the plaintiff.


Foreperson: _____     _____

            _____     _____

            _____     _____

            _____     _____