T7216-21987339_1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALZONTA MAGEE a/k/a David Wallace<br><br>Plaintiff,<br><br>v.<br><br>MANUEL ROJAS, et.al.,<br><br>Defendants. | Case No.   09-cv-01286 |

PLAINTIFF'S MOTIONS *IN LIMINE*

COMES NOW the Plaintiff, ALZONTA MAGEE, by and through his attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for his Motion *In Limine* states as follows:

1.   Testimony Referring to the Current Status of Plaintiff's Kosher Diet, Transfer to Pickneyville Correctional Center, and Ability to Practice the Passover Feast of Unleavened Bread

It is clear under the Federal Rules of Evidence that subsequent remedial measures are not admissible to prove culpable conduct.  Fed. R. Evid. 407; *see also Kaczmarek v. Allied Chem. Corp.*, 836 F.2d 1055, 1060 (7th Cir. 1987).  Similarly, it is undisputed that subsequent remedial measures can be admissible for other purposes.  *See Oberst v. Int'l Harvester Co., Inc.*, 640 F.2d 863, 865 (7th Cir. 1980).  Another purpose includes considering the remedial measure with respect to injunctive relief. *Ford v. Schmidt*, 577 F.2d 408, 410-11 (7th Cir. 1978) (District Court was correct in limiting the admissibility of the subsequent prison regulation solely to the issue of injunctive relief).

Despite the foregoing, Plaintiff requests this Court deny such testimony because the issue of injunctive relief is to be decided by the Court.  In its previous rulings, the Court has

already reviewed the necessary facts and has indicated several of the injunctive remedies may not be proper. While Plaintiff still seeks additional injunctive remedies as set forth in the Pre-Trial Order, the Court, after hearing the testimony at trial and considering the facts in the record, can make its ruling with respect to injunctive relief without disclosing these facts to the jury. Additionally, the injunctive remedies sought by Plaintiff do not require inquiry into Plaintiff's current Kosher Diet, transfer to Pickneyville Correctional Center, or his ability to partake in the Passover Feast of Unleavened Bread. Such testimony is irrelevant to the alleged Constitutional violation by Rojas and was only granted after Plaintiff brought suit against Defendant.

Finally, Plaintiff may be prejudiced if the jury learns of these remedial measures. While the jury must determine whether Plaintiff is entitled to nominal, compensatory, and punitive damages, if the jury learns Plaintiff has been afforded several of his requests, the jury might be left with the improper impression that Plaintiff is not entitled to anything more and may not fairly assess Plaintiff's claims and the appropriate damages.

WHEREFORE, Plaintiff prays for an order prohibiting Manuel Rojas, his attorney, or any of his witnesses from referring to the current status of Plaintiff's Kosher Diet, transfer to Pickneyville Correctional Center, and ability to practice the Feast of Unleavened Bread, and in the alternative, that if this information comes out at trial, that plaintiff is able to introduce testimony regarding the circumstances surrounding these details.

ALZONTA MAGEE a/k/a David Wallace

BY:  /S/ TYLER J. PRATT
Illinois Bar Number:  6302780
Attorney for Plaintiff
HEYL, ROYSTER, VOELKER & ALLEN
Suite 600, Chase Building
124 S.W. Adams Street
Peoria, Illinois 61602-1352
Telephone:  309.676.0400
Facsimile:  309.676.3374
Email:  tpratt@heylroyster.com

CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that a true and correct copy of PLAINTIFF'S MOTION *IN LIMINE* was served upon the following named herein by Electronic Notice through ECF and was therefore served electronically on those properly registered for such electronic service, or by depositing the same in the United States Mail in Peoria Illinois, with proper postage prepaid, as addressed and indicated below:

Via Electronic Notice through ECF


Lisa A Cook
ILLINOIS ATTORNEY GENERAL
500 S Second St
Springfield, IL 62706
lcook@atg.state.il.us

This 8th day of May, 2013.

By:  /s/ TYLER J. PRATT
Tyler J. Pratt