**E-FILED**
Tuesday, 23 July, 2013  04:25:37 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ALZONTA MAGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-1286 |
| | ) | |
| MANUEL ROJAS, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them.  You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions.  Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court.  You are to apply the law to the facts and in this way decide the case.  Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law.  From time to time it has been my duty as judge to rule on the admissibility of evidence.  You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses and the exhibits received in evidence and stipulated facts.

You are to consider only the evidence received in this case.  You should consider this evidence in the light of your own observations and experiences in life.  You may draw such reasonable inferences as you believe to be justified from proved facts.  Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose.

You are to disregard any evidence to which I have sustained an objection or which I ordered stricken.  Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded.  You should not be influenced by sympathy, prejudice, fear, or public opinion.  Similarly, you should not be influenced by any person's race, color, religion, national ancestry or gender. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence.  If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling, remark, or question which I have made or asked do I or have I meant to indicate any opinion as to the facts or what the outcome of the case should be.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witnesses's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

During the trial, certain testimony was presented to you by video.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight then the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and based on the evidence in the case.

There are two types of evidence:  direct and circumstantial.  Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness.  Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved.

For instance, an example of direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  All of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

In this case, the plaintiff is an inmate as are some of the witnesses.  All parties are equal before the law.  An inmate is entitled to the same fair consideration that you would give any individual person.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The defendant in this case is being sued as an individual for his alleged personal acts.

Neither the State of Illinois nor the Illinois Department of Corrections are parties to the lawsuit.

Under the First Amendment to the United States Constitution, an inmate has the right to freely exercise his religion in prison.

Prison officials may still restrict this First Amendment right if the restriction is reasonably related to a legitimate penological interest.  In determining whether a restriction was reasonable, you should consider the following factors:

1) whether there was a valid rational connection between the restriction on plaintiff's right to the free exercise of his religion and a legitimate governmental interest;  and

2) whether plaintiff had any alternative means of exercising his right to practice his religion; and

3) what impact accommodation of Plaintiff's right to practice his religion would have had on jail personnel and resources, and

4) whether the prison could have accommodated plaintiff's free exercise right by other obvious, easy alternatives.

Plaintiff, Alzonta Magee, claims that Defendant, Manuel Rojas, violated plaintiff's right to practice his religion under the First Amendment to the United States Constitution when the defendant denied the plaintiff's request for a kosher diet for over a year and/or when the defendant denied the plaintiff the opportunity to participate in the Feast of Unleavened Bread in 2009.   The defendant denies he violated the plaintiff's First Amendment rights on either occasion.

To succeed on his claims, plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

First, that the defendant intentionally acted in the manner claimed by the plaintiff as stated to you in these instructions;

Second, that the defendant knew that the tenets of plaintiff's sincerely held religious beliefs included a kosher diet and/or participating in the Feast of Unleavened Bread;

Third, that defendant's actions or omissions imposed a substantial burden on plaintiff's ability to exercise his sincere religious beliefs;

Fourth, that the actions taken by the defendant were not based on any legitimate penological objective;

Fifth, that plaintiff suffered an injury;

Sixth, that the wrongful conduct of the defendant was the proximate cause of the plaintiff's injury;

If you find from your consideration of all the evidence that any of these propositions has not been proved, then you should find for the defendant and you will not consider the questions of damages.

On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff and against the defendant, and you should go on to consider the question of damages.

The court has determined that the law in question does not allow Plaintiff to recover compensatory damages on his claim.  If you decide for Plaintiff on the question of liability, the Court will enter an award of $1.00 for Plaintiff.

If you find for plaintiff, you may, but are not required to, assess punitive damages against defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights, if under the circumstances, it reflects complete indifference to plaintiff's safety and rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purpose that I have described to you, but should not reflect bias, prejudice or sympathy toward either party. In determining the amount of punitive damages, you should consider the following factors:

- the reprehensibility of defendant's conduct;

- the impact of defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

I do not anticipate that you will need to communicate with me during your deliberations. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

When you retire to the jury room, you will first select one of your members as your presiding juror.  He or she will preside during your deliberations on a verdict.

Your agreement upon a verdict must be unanimous.  Your verdict must be in writing and signed by each of you, including the presiding juror.

You will be provided with forms of verdict.  Verdict Form A will be used if you find for Plaintiff on his claim involving a kosher diet.  Verdict Form B will be used if you find for Defendant on the kosher diet claim.  Verdict Form C will be used if you find for the Plaintiff on the Feast of Unleavened Bread claim.  Verdict Form D will be used if you find for the Defendant on the Feast of Unleavened Bread claim.

When you have unanimously agreed upon your verdict, select and complete the two forms which correctly reflect your verdict.

The forms of verdict which you will receive read as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALZONTA MAGEE,                    )
                                  )
      Plaintiff,                 )
                                  )
        v.                      )          Case No. 09-CV-1286
                                  )
MANUEL ROJAS,                     )
                                  )
      Defendant.                 )

<u>VERDICT FORM A</u>

    On Plaintiff's claim that Defendant Rojas violated his First Amendment rights based on a denial of a kosher diet, we, the jury, find in favor of Plaintiff, Alzonta Magee, and against Defendant, Manuel Rojas.

    We assess compensatory nominal damages in the amount of $1.00.

(If you find in favor of Plaintiff and against the Defendant, you may, but are not required to, consider punitive damages.)   Are punitive damages appropriate in this case?

_____yes _____no.

    If yes, the jury assesses punitive damages against Defendant Rojas in the amount of _____.

_____            _____
   Presiding Juror

_____            _____


_____            _____


_____            _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALZONTA MAGEE,                            )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )        Case No. 09-CV-1286
                                          )
MANUEL ROJAS,                             )
                                          )
        Defendant.                        )

## VERDICT FORM B

On Plaintiff's claim that Defendant Rojas violated his First Amendment rights based on a denial of a kosher diet, we, the jury, find in favor of Defendant, Manuel Rojas and against Plaintiff Alzonta Magee.


_____          _____
    Presiding Juror


_____          _____


_____          _____


_____          _____


_____          _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALZONTA MAGEE,                            )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )        Case No. 09-CV-1286
                                          )
MANUEL ROJAS,                             )
                                          )
        Defendant.                        )

<u>VERDICT FORM C</u>

On Plaintiff's claim that Defendant Rojas violated his First Amendment rights for

denied participation in the Feast of Unleavened Bread, we, the jury, find in favor of Plaintiff,

Alzonta Magee, and against Defendant, Manuel Rojas.

We assess compensatory nominal damages in the amount of $1.00.

(If you find in favor of Plaintiff and against the Defendant, you may, but are not required to,

consider punitive damages.)

Are punitive damages appropriate in this case? _____yes _____no.

If yes, the jury assesses punitive damages against Defendant Rojas in the

amount of _____.


_____          _____
      Presiding Juror

_____          _____


_____          _____


_____          _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALZONTA MAGEE,               )
                             )
        Plaintiff,           )
                             )
        v.                   )          Case No. 09-CV-1286
                             )
MANUEL ROJAS,                )
                             )
        Defendant.           )

### VERDICT FORM D

On Plaintiff's claim that Defendant Rojas violated his First Amendment rights for denied participation in the Feast of Unleavened Bread, we, the jury the jury, find in favor of Defendant, Manuel Rojas and against Plaintiff Alzonta Magee.

_____
    Presiding Juror

_____              _____

_____              _____

_____              _____

_____              _____

                                             _____